■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE N. ANDERSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 12, 1970, convicting him of murder, upon a jury verdict, and sentencing him to a prison term of 15 years to life. Judgment reversed, on the law and in the interests of justice, and new trial ordered. On the trial, a crucial issue was that of identification. In its case in chief the People called three young children to establish defendant's identity. To bolster that testimony the People produced a fourth child as a rebuttal witness. The trial court participated quite extensively in the examination of the latter witness. In its examination the court asked many leading questions of the rebuttal witness which, in our opinion, in the context of the proof were prejudicial. Additionally, on the defense of alibi the trial court's charge closely followed the pattern of the alibi charge in *People* v. *Johnson* (37 A D 2d 733, decided herewith). In *Johnson*, in which an exception was taken to that charge, we have held that to require a defendant to " clearly " establish his alibi, " by unsuspected, believable testimony ", erroneously shifts the burden of proof and deprives him of a fair trial. Here no exception was taken to the charge. That was the situation in *People* v. *Lorez* (28 A D 2d 726, affd. 21 N Y 2d 733) wherein we affirmed a conviction over the dissent of Mr. Justice HOPKINS in which he sharply criticized an identical alibi charge. While on a record otherwise free of error and which overwhelmingly established the defendant's guilt we might, as we did in *Lorez*, affirm the conviction despite this alibi charge, we conclude in this case that the interests of justice require a new trial. Rabin, P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.